IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMMA PEGUES, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO.: |
| | )    CV-02-N-0640-S |
| NAPHCARE, | ) ) |
|     Defendant. | ) ) |

## COMPLAINT

### JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), and 28 U.S.C. §§ 2201 and 2202.  This is an employment discrimination suit authorized and instituted pursuant to Acts of Congress known as the "Civil Rights Act of 1866", as amended; the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991"; and the laws of the State of Alabama.  The jurisdiction of this Court is invoked to secure the protection of and to redress deprivation of rights secured by these laws, providing relief against discrimination in employment.  The jurisdiction of this Court is invoked to secure the protection of and to redress deprivation of rights secured by these Acts, providing damages, injunctive relief and other relief against racial discrimination in employment.

2.    Plaintiff, Emma Pegues, has fulfilled all conditions precedent to the institution of this action under Title VII of the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991".  Plaintiff timely filed her charge of discrimination within

180 days of the occurrence of the last discriminatory act and has filed this lawsuit within 90 days of receipt of her Notice of Right to Sue.

### PARTIES

3. Plaintiff, Emma Pegues, is an African-American citizen of the United States and is a resident of Jefferson County, Alabama. She is over the age of nineteen (19) years.

4. Defendant, Naphcare, is a company doing business in the state of Alabama. At all times relevant hereto, defendant maintained and operated a business in Alabama. Defendant has more than fifteen (15) employees and is subject to the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991".

### STATEMENT OF CLAIMS

5. Plaintiff re-alleges, re-avers and adopts the allegations of paragraphs one (1) through four (4) as if fully set forth herein. Plaintiff was employed by defendant within the two years prior to the filing of this lawsuit.

6. On May 28, 2001, plaintiff was hired by defendant as a part-time Registered Nurse. Plaintiff was the only African-American Registered Nurse employed by defendant at the Jefferson County jail.

7. When plaintiff was hired, Ron Isaac, Clinical Director, promised plaintiff a full-time position within a few weeks. He explained that a nurse was leaving, and he would replace that nurse with plaintiff. Instead, Isaac gave the position to a white female, Arlene Adams. Although plaintiff continued requesting a full-time position, she was not given a full-time position until July 2001. Adams later became the Director of

Nursing, and Amy Benson, a white Licensed Practical Nurse, became the Assistant Director of Nursing.

8. Throughout her employment with defendant, plaintiff was subjected to race discrimination. Plaintiff repeatedly complained to Adams about Benson being placed in a supervisory role over plaintiff because plaintiff had a greater skills and qualifications. However, Adams never corrected the situation. Also, Adams, Isaac and Benson always complained that plaintiff took too long to administer medications. When plaintiff informed Adams that plaintiff took longer to administer medications than some white nurses because those nurses had been reporting that they had given medications to inmates when they actually had not, Adams told her that was okay and asked her to backdate the charts. Plaintiff, however, always refused.

9. On Monday, October 8, 2001, plaintiff received an order for medication for an inmate who was stationed on the 3rd floor. Plaintiff was not responsible for administering medications to inmates; plaintiff only assumed this duty if there was no one available in the pharmacy to administer medications. Plaintiff signed out for two of the inmate's medications, phenobarbital and phenergen, and she gave the medications to the inmate. The inmate then informed plaintiff that he was also taking dilantin; however, plaintiff did not have an order for the medication. After securing an order for dilantin, plaintiff gave the medication to the inmate. In a haste, however, she transcribed on the Medication Administration Record that she had given the inmate the medication, but she failed to place her initials next to the transcription.

10. Meanwhile, one of the nurses working on that floor arrived for her duty. Plaintiff explained that the inmate had taken phenobarbital, phenergen and dilantin.

3

She told the nurse that although the inmate had been prescribed resbidol, it was too early to administer the medication to him. Plaintiff then placed the inmate's medication sheet into the book designating prescribed medications for inmates on the 3rd floor. Plaintiff had no more contact with the inmate after October 8, 2001.

11. On October 12, 2001, plaintiff was scheduled to be off work. However, defendant contacted plaintiff and asked her to come in to work, and plaintiff agreed to do so.

12. On October 13, 2001, plaintiff was attacked by an inmate while plaintiff was administering medications. She was treated at Cooper Green Hospital for her injuries. Plaintiff was informed that the inmate was HIV positive.

13. On October 14, 2001, plaintiff left a message for Adams stating that plaintiff needed to fill out the appropriate paperwork for workers' compensation benefits. Adams never returned plaintiff's call.

14. On October 15, 2001, plaintiff again left a message for Adams stating that plaintiff needed to fill out the appropriate paperwork for workers' compensation benefits. Instead of returning plaintiff's call, Adams called plaintiff to the office and terminated her for allegedly falsifying records. Adams stated that, on October 8, 2001, although plaintiff transcribed that she had given dilantin to the inmate, she actually had not given the medication to the inmate. According to Adams, as a result of plaintiff's alleged failure to administer the medication, the inmate suffered a seizure on October 12, 2001.

15. Plaintiff avers that she has been discriminated against in violation of the "Civil Rights Act of 1866", as amended, and the "Civil Rights Act of 1964", as amended, in promotion and termination as a consequence of her race, African-American.

4

Furthermore, defendant terminated plaintiff in retaliation for his opposing conduct that constituted unlawful discrimination.

16. Defendant also discharged plaintiff in retaliation for his seeking to recover workers' compensation benefits in violation of Alabama Code (1975) §25-5-11.1.

17. As a consequence of the aforesaid, plaintiff has lost wages and suffered other damages, including mental anguish.

18. Plaintiff has no adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, including damages for mental anguish, punitive damages, reinstatement, injunctive relief and declaratory relief is her only means of receiving adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from defendant's unlawful practice unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff requests that this Court assume jurisdiction of this action and award plaintiff the following relief:

a) Grant plaintiff a permanent injunction enjoining defendant, its agents, successors, employees, attorneys and those acting in concert with defendant and at defendant's request from violating the "Civil Rights Act of 1866", as amended; the "Civil Rights Act of 1964", as amended; and the Alabama Code (1975) §25-5-11.1 in the manner alleged herein above;

b) Grant plaintiff an order requiring defendant to make him whole by granting appropriate declaratory relief, reinstatement, back pay, front pay, compensatory

damages, including damages for mental anguish, punitive damages, interest, attorneys' fees, expenses and costs; and

    c)     Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY.**

*/s/ Tamula R. Yelling*
TAMULA R. YELLING
State Bar I.D. No.: ASB-9447-E61-T
Attorney for plaintiff

**OF COUNSEL:**
MEELHEIM, WILKINSON
    & MEELHEIM, P.C.
2013 Second Avenue North
Birmingham, Alabama 35203
(205) 252-2500/[Fax] 252-5838


**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY.**

*/s/ Tamula R. Yelling*
OF COUNSEL

**PLAINTIFF'S ADDRESS:**
Ms. Emma Pegues
c/o MEELHEIM, WILKINSON
    & MEELHEIM, P.C.
2013 Second Avenue North
Birmingham, Alabama 35203

6

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT:**
Naphcare, Inc.
c/o Vance L. Alexander
950 22nd Street North
Birmingham, Alabama 35203